**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JUDITH PASCUZZI, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| | )     Case No.: |
| v. | ) |
| | )     Judge: |
| H&H FRANCHISING SYSTEMS, INC., d/b/a HOME HELPERS, a foreign corporation, DM ENTERPRISES GROUP, INC., d/b/a HOME HELPERS OF DUPAGE SUBURBS, an Illinois corporation, DENISE GONZALEZ, an individual, and MICHAEL GONZALEZ, an individual, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiff, JUDITH PASCUZZI, brings this civil action on behalf of herself, individually, and on behalf of all other similarly-situated persons known and unknown, by and through her attorneys, Seth R. Halpern and Meredith W. Buckley of Malkinson & Halpern, P.C., and complains of the Defendants, H&H FRANCHISING SYSTEMS, INC., d/b/a HOME HELPERS, a foreign corporation, DM ENTERPRISES GROUP, INC., d/b/a HOME HELPERS OF DUPAGE SUBURBS, an Illinois corporation, and DENISE GONZALEZ, an individual, and MICHAEL GONZALEZ, an individual (collectively, "Defendants"), as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.     This lawsuit arises under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, ("IMWL"), and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for

Defendants' failure to pay all earned overtime wages to Class Plaintiff and other similarly-situated persons for all time worked in excess of forty hours in individual work weeks. A copy of Class Plaintiff's Consent form to act as Representative Plaintiff in this collective action is attached hereto as Exhibit A.

2.      Defendants operate an in-home, companion care firm with a principal location at 4903 Forest Avenue, Downers Grove, Illinois 60515. Defendants contract with families and individuals to place their in-home care workers on site in order to provide companion care services to the elderly and/or infirm. Plaintiff and similarly-situated individuals have been employed by Defendants as in-home, companion caregiver employees. Defendants have employed well over forty of such employees in the prior three years.

3.      Plaintiff brings this case on behalf of herself, individually, and on behalf of others who currently work, or who worked, as in-home companion caregiver employees at any time during the applicable statute of limitations period (hereinafter "Violation Period").

## THE PARTIES

4.      Plaintiff, JUDITH PASCUZZI, is a resident of LaSalle County, Illinois and worked as an in-home, companion caregiver employee for Defendants from approximately May of 2014 to the present.

5.      Defendants control and/or own and/or operate an in-home companion caregiver agency, among other in-state and out of state locations, at 4903 Forest Avenue, Downers Grove, DuPage County, Illinois 60515.

6.      Defendants, MICHAEL GONZALEZ (hereinafter "MICHAEL") and DENISE GONZALEZ (hereinafter, "DENISE") are officers of, own and operate DM ENTERPRISES GROUP, INC., d/b/a HOME HELPERS OF DUPAGE SUBURBS ("DM"), a franchise and/or

2

subsidiary of Defendant, H&H FRANCHISING SYSTEMS, INC., d/b/a HOME HELPERS ("H&H"), an Ohio corporation, which operates under and licenses the trademark name Home Helpers.

7.     H&H maintains control over and participates in the operation of DM and Defendants, MICHAEL and DENISE directly and/or indirectly acted and continue to act in the interest of DM and H&H in relation to their employees.  MICHAEL and DENISE, allocated compensation to employees, made wage payment decisions, set policy and practices regarding employee pay and made, and continue to make, hiring and firing decisions for DM and H&H.

8.     At all relevant times, Plaintiff and other similarly-situated individuals were Defendants' "employees" as that term is defined by the IMWL and FLSA.

9.     At all relevant times, Defendants were, and are, "employers" as the term is defined by the IMWL and FLSA.

## FACTUAL BACKGROUND

10.     Plaintiff is an individual, in-home, companion caregiver employee who was employed by Defendants from approximately May of 2014 to the present.

11.     Defendant DM, under the direction of H&H, contracts with various families and individuals to place their in-home care workers on site in order to provide companion care services to the elderly and/or infirm.  H&H provides its local entities, including DM, with detailed employee handbooks for them to follow, which includes payroll and personnel issues, assignment procedure, hiring, dress code, and caregiver job duties, among others.

12.     During the applicable statute of limitations period, Defendants would assign Plaintiff and other similarly-situated caregiver employees to such home sites to provide companion care to the client/resident ("resident").

3

13.     At all relevant times, Defendants required Plaintiff and other similarly situated employees to clock in and out using their resident's own telephone.  Defendants, DM, MICHAEL and DENISE, scheduled the shifts for all of their caregiver employees, including Plaintiff.   Plaintiff and other similarly situated employees were required to remain onsite with the resident until another employee relieved them from their assignment.    If Plaintiff's, or another similarly situated caregiver employee's, scheduled shift ended and a relief caregiver employee was not present, Defendants required the on-duty caregiver employee to stay at their assigned site past their scheduled shift until another caregiver employee arrived to relieve them from their assignment.

14.     While on duty, Plaintiff and other similarly situated caregiver employees were often required to work 24 hour shifts, many times on consecutive days.  Plaintiff and other similarly situated caregiver employees were required to be "on duty" providing companion care services to the assigned resident living in the home location.  Other than sometime during sleep periods at night while on 24 hour shifts, which were often interrupted by the need to attend to the resident during the night, Plaintiff and other similarly situated caregiver employees were on duty and required by Defendants to perform their companion care responsibilities, often during 16 or more hours during said shifts.

15.     Plaintiff and other similarly situated caregiver employees were not allowed breaks, other than for overnight sleep, including for meals, and were required to monitor and provide care to their assigned residents continually for the duration of their shifts until they were relieved from their assignment.

16.     Plaintiff and other similarly situated caregiver employees typically worked twenty-four hour shifts in a single day and typically worked three to six days per week. They

4

were also often called upon to work additional day shifts, as well. As a result, Plaintiff and other similarly situated caregiver employees typically worked well in excess of forty hours in many individual work weeks.

17.     At all relevant times, Defendants knew that their caregiver employees routinely worked in excess of forty hours per individual work week.  Nonetheless, Defendants did not pay Plaintiff and their similarly situated caregiver employees overtime wages for all hours worked in excess of forty hours during individual work weeks, as required by Federal and Illinois wage and hour law.

18.     Plaintiff and other similarly situated employees were all subject to Defendants' uniform policies and practices, and were victims of Defendants' schemes to deprive them of overtime pay.  As a result of Defendants' improper and willful failures to pay Plaintiff and other similarly situated caregiver employees in accordance with the requirements of Federal and Illinois wage and hour law, Plaintiff and other similarly situated caregiver employees suffered lost wages and other damages.

## JURISDICTION AND VENUE

19.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b).  Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this district.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## CLASS ALLEGATIONS

20.     With respect to the IMWL and FLSA claims, Plaintiff, JUDITH PASCUZZI, seeks to represent a class that is comprised of and defined as:

> "All in-home companion caregiver employees who worked for Defendant DM
> ENTERPRISES GROUP, INC. and/or H&H FRANCHISING SYSTEMS, INC.,

their subsidiaries, affiliated companies and/or predecessors in Illinois at any time during the relevant statute of limitations period.ö

21.     This action is properly maintainable as a class action under F.R.C.P. 23 because:

a.      This class is so numerous that joinder of all the claims is impracticable;

b.      There are questions of law or fact that are common to the class and predominate over any variations or individual issues that may exist between members of the Plaintiff class;

c.      The claims of the Representative Plaintiff are typical of the claims of the class; and

d.      The Representative Plaintiff will fairly and accurately protect the interests of the class.

## Numerosity

22.     While the precise number of members of the Class has not yet been determined at this time, Class Plaintiff believes Defendants have employed in excess of forty persons who have been subject to Defendantsø common unlawful pay practices during the Violation Period.

## Commonality

23.     There are numerous and substantial questions of law and fact common to members of the class including, but not limited to:

a.      Whether Defendantsø complained of practices violated the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

b.      Whether Defendants failed to compensate class members for all the work they assigned, required, encouraged, suffered or permitted class members to perform in excess of forty hours per workweek;

c.      Whether Defendants failed to keep true and accurate records for all time worked;

d.      Whether Defendants failed to compensate class members for all work performed in excess of forty hours per workweek with overtime premium wages;

e.    Whether Defendants willfully failed to comply with federal and state wage and hour laws;

f.    Whether Plaintiff and the other class members were injured by Defendants' conduct, and the measure of damages and/or injunctive relief to which Plaintiff and the class are entitled.

24.    These and other questions of law and fact common to the members of the Class are important and predominate over questions, if any, which may affect only individual members.

**Adequacy**

25.    Plaintiff will fairly and adequately protect the interest of each Class member in that Plaintiff was a typical employee subject to Defendants' payment practices and has no interest antagonistic to the other members of the class. Furthermore, Plaintiff has retained competent legal counsel experienced in class action litigation.

**Typicality**

26.    Plaintiff's claims are typical of the claims of all members of the class in that Plaintiff and the putative class members were or should have been employed by Defendants as hourly workers subjected to and damaged by Defendants' unlawful payment practices. Plaintiff's claims and relief sought, monetary damages, injunctive relief, attorneys' fees and costs, are predominately common with each class member

**Superiority**

27.    A class action is superior to other available means for the fair and efficient adjudication of the controversy because individual joinder of the parties is impracticable. Class action treatment will allow numerous similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that would be incurred if these claims were brought individually. The

presentation of separate civil actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for the Defendants and/or substantially impair or impede the ability of class members to protect their interests.

## COUNT I

### (Class Action)
### Violation of the Illinois Minimum Wage Law

28.     Plaintiff, individually and on behalf of the class, hereby re-alleges and incorporates paragraphs 1-27 of this Complaint as if fully set forth herein.

29.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

30.     Defendants are õemployersö and Plaintiff and similarly situated individuals are õemployeesö under Illinois Statute 820 ILCS § 105 *et seq.*

31.     Section 105/4(a) requires employers to pay employees one and one half times their regular rate for all hours worked over forty hours per individual work week.

32.     Defendants violated Illinois Statute 820 ILCS § 105 *et seq.* by regularly and repeatedly failing to compensate Plaintiff and other class members as employees for unpaid overtime at one and one half times their regular, hourly rate, for all hours worked per week in excess of forty hours during the violation period.

33.     As a direct and proximate result of Defendantsø unlawful conduct, Plaintiff and other class members have suffered and continue to suffer lost wages and other damages.

34.     Plaintiff and the class members are entitled to injunctive relief to prevent Defendant from continuing its violations of these statutory provisions and other appropriate class-wide injunctive relief for the class.

WHEREFORE, Plaintiff, JUDITH PASCUZZI, individually and on behalf of all others similarly situated, prays for judgment against the Defendants, H&H FRANCHISING SYSTEMS, INC., d/b/a HOME HELPERS, DM ENTERPRISES GROUP, INC., d/b/a HOME HELPERS OF DUPAGE SUBURBS, DENISE GONZALEZ, and MICHAEL GONZALEZ, and each of them, as follows:

a. Certifying the class of individuals who were employed by Defendants as hourly paid, non-exempt employees in the State of Illinois at any time during the relevant statute of limitations period pursuant to Fed. R. Civ. P. 23(b)(3), or alternatively Fed. R. Civ. P. 23(c)(4);

b. Appointing Plaintiff's counsel as counsel for the class;

c. Appointing JUDITH PASCUZZI as Class Representative;

d. Declaring and finding that the Defendants violated provision of the Illinois Minimum Wage Act, 820 ILCS § 105 *et. seq.* by failing to pay overtime wages to Plaintiff and all class members; and/or

e. Awarding compensatory damages, including all overtime pay owed, in an amount according to proof;

f. Awarding statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

g. Awarding interest on all overtime compensation due accruing from the date such amounts were due;

h. Awarding all costs and reasonable attorneys' fees incurred in prosecuting this claim;

i. Granting leave to amend to add claims under applicable state and federal law;

j. Granting leave to name additional Plaintiffs by motion or any other method approved by Court;

k. Entry of a Permanent Injunction barring Defendants from engaging further in practices that violate the Illinois Minimum Wage Act, 820 ILCS 105/1 *et seq.*; and

l. Providing other such relief as the Court deems just and equitable.

## COUNT II
### (Collective Action)
### Violations of the Fair Labor Standards Act

35.     Plaintiff, individually and on behalf of the class, hereby re-alleges and incorporates paragraphs 1-27 of this Complaint as if fully set forth herein.

36.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* in failing to pay overtime wages for all time worked in excess of forty hours in individual work weeks.

37.     Plaintiff and other similarly situated individuals were directed by Defendants to work in excess of forty hours per individual work week.

38.     Pursuant to 29 U.S.C. § 207, Plaintiff and other similarly situated employees are entitled to be compensated at a rate of one and one half times their regular pay rate for all time worked in excess of forty hours in individual work weeks.

39.     Defendants' failure and refusal to pay Plaintiff and other similarly situated employees overtime wages for all time worked in excess of forty hours per individual work week, violated the Fair Labor Standards Act.

40.     Defendants knowingly and willfully violated the Fair Labor Standards Act by purposefully refusing to pay Plaintiff and other similarly situated employees overtime wages for time worked in excess of forty hours in an individual work week.

WHEREFORE, Plaintiff, JUDITH PASCUZZI, individually and on behalf all others similarly situated prays for judgment against the Defendants, H&H FRANCHISING SYSTEMS, INC., d/b/a HOME HELPERS, DM ENTERPRISES GROUP, INC., d/b/a HOME HELPERS OF DUPAGE SUBURBS, DENISE GONZALEZ, and MICHAEL GONZALEZ, and each of them, as follows:

a.      Certifying a collective action of individuals who were employed by Defendants as hourly paid, non-exempt employees in the State of Illinois at any time during the relevant statute of limitations period;

b.      Compensating Plaintiff and the other class members in the amount of one and one half times Plaintiff's and other similarly situated employees' hourly rate for all time worked in excess of forty hours per individual work week;

c.      Appointing Plaintiff's counsel as counsel for the class;

d.      Appointing JUDITH PASCUZZI as Class Representative;

e.      Awarding liquidated damages in an amount equal to the amount of overtime wages found due;

f.      Awarding reasonable attorneys' fees and costs incurred in this action; and

g.      Providing for such relief as this Court deems appropriate and just.


**PLAINTIFF DEMANDS TRIAL BY JURY.**


**Dated: March 18, 2016**


Respectfully Submitted,


s/Seth R. Halpern
Seth R. Halpern


Seth R. Halpern
Meredith W. Buckley
MALKINSON & HALPERN, P.C.
208 S. LaSalle St., Suite 1750
Chicago, Illinois 60604
(312) 427-9600

11