UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUDITH PASCUZZI, individually, and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>H&H FRANCHISING SYSTEMS, INC., d/b/a HOME HELPERS, a foreign corporation, DM ENTERPRISES GROUP, INC., d/b/a HOME HELPERS OF DUPAGE SUBURBS, an Illinois corporation, DENISE GONZALEZ, an individual, and MICHAEL GONZALEZ, an individual,<br><br>  Defendants. | Case No.: 16-cv-03415<br><br>Judge: Harry D. Leinenweber |

**ORDER GRANTING FINAL APPROVAL OF**
**<u>CLASS SETTLEMENT</u>**

The Court has considered the Plaintiff's Unopposed Motion for Final Approval of the Parties' Class Settlement and other related materials, as well as the Plaintiff's presentation at the hearing on final approval, and, hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Final Approval Order") will have the same meaning as defined in the parties' Settlement Agreement.

2. On May 10, 2017, this Court preliminarily approved the Class Action Settlement Agreement ("Settlement Agreement") reached between Plaintiff, Judith Pascuzzi ("Plaintiff"), individually and as the Class representative, and Defendants, H.H. Franchising Systems, Inc., d/b/a Home Helpers ("HHFS"; incorrectly captioned in the Complaint as H&H Franchising Systems, Inc.), DM Enterprises Group, Inc., d/b/a Home Helpers of DuPage Suburbs ("DM"), Denise Gonzalez, and Michael Gonzalez (all collectively referred to as "Defendants"). The Court also

approved the form of the Settlement Notice and Claim Form, and the manner of issuing notice to the Class.

3. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, and 1367, including jurisdiction over all members of the Settlement Class certified by this Court in its May 10, 2017, Order, which is defined as:

> All in-home companion caregiver employees who worked for Defendant DM ENTERPRISES GROUP, INC. in Illinois at any time during the period beginning March 18, 2013 and ending January 24, 2017.

4. On September 12, 2017, the Court held a final approval hearing to which Class Members, including any with objections, were invited. The Court, having reviewed the affidavit of the Settlement Claims Administrator, Dahl Administration, the plaintiffs' Memorandum of Law in Support of Final Approval of the Class Action Settlement, including the declarations of attorney, David Stevens, as to compliance with the notice provisions of the Class Action Fairness Act ("CAFA"), and the affidavits of Class Counsel, Seth R. Halpern and John R. Malkinson, having heard the related oral remarks of the parties' counsel in court, and being fully advised in the premises, FINDS that:

(a) the Notice of the class action settlement was issued via U.S. Mail service to 201 conditionally certified members of the class, adequately informing the Class members of the terms of the Settlement Agreement, the method of calculating recovery if the Settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the Class and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing;

(b) the Notice Of Proposed Class Action Settlement and Fairness Hearing ("Class Notice") and related materials (collectively, "Notice Materials") met the requirements of Rule 23 of the Federal Rules of Civil Procedure, adequately informed the Class Members of the telephone number established by the settlement claims administrator, Dahl Administration, ("Settlement Claims Administrator"), and informed the Class Members of the contact information for Class Counsel and, thus, the Notice Materials issued to the Class provided the best notice practicable

2

    under the circumstances, met the requirements of due process, and otherwise satisfied the requirements of Fed. R. Civ. P. Rule 23(e)(1)(B);

(c) no objections to the settlement were received and any objections are hereby overruled;

(d) only one class member submitted requests for exclusion from the Settlement Class and therefore there is one opt-out from the Settlement and all other Class Members are bound by this Order;

(e) the parties' *Settlement Agreement* is fair, reasonable, and entered into in good faith, and is hereby approved;

(f) the government notice requirements under the Class Action Fairness Act (CAFA), 17 U.S.C. 1715, have been satisfied.

5. The settlement memorialized in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class Members. In finding that the settlement herein is fair, reasonable, and adequate, the Court considered the following factors:

(a) the strength of plaintiff's case compared to the value of the settlement;

(b) an assessment of the likely complexity, length and expense of the litigation;

(c) an evaluation of the amount of opposition to settlement among affected parties;

(d) the opinion of competent counsel; and

(e) the financial circumstances of the defendants, the stage of the proceedings and the amount of discovery completed at the time of the settlement.

6. In finding that the Settlement Agreement satisfies the requirements of final approval, the Court further finds that the Settlement is the result of arm's length negotiations between experienced attorneys who are familiar with class action litigation in general, and with the legal and factual issues in this case in particular; specifically, the Court finds that:

(a) the strength of the Class Representative's and Class Members' claims weighed against Defendants' defenses and the complexity, length and expense of further litigation, support approval of the Settlement;

(b)     the settlement sum and the method for calculating the individual settlement sums of the class members, as set forth in the Notice Materials, are a fair, reasonable and adequate settlement of the Class Representatives' individual claims and the claims of the Class;

(c)     the Settlement was reached pursuant to arm's length negotiations between the parties;

(d)     the support for the Settlement expressed by Class Counsel and counsel for Defendants, who have significant experience representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the Settlement;

(e)     the absence of any objections to the Settlement by Class Members supports approval of the Settlement; and,

(f)     the litigation has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

7.     Pursuant to plaintiffs' request, any late, but otherwise valid settlement claim forms received by the Settlement Claims Administrator through September 5, 2017, shall be deemed timely received and considered valid.

8.     Pursuant to the terms of the Settlement Agreement and this Court's subsequent order of May 10, 2017, Defendants shall transfer the Settlement Amount of $145,000 to the Settlement Claims Administrator within fourteen (14) calendar days of entry of this Order. The Settlement Amount will thereafter be, held, controlled and disbursed by the Settlement Claims Administrator. No other funds shall be added to or comingled with the Settlement Amount. In no event shall the Settlement Claims Administrator withdraw, transfer, pledge, impair or otherwise make use of the funds in the Settlement Fund except as expressly provided in the Settlement Agreement.

9. With respect to the Settlement Amount, the Settlement Claims Administrator shall comply with all of the duties and requirements set forth in the Settlement Agreement and with applicable federal, state, and local law.

10. The Settlement Amount, including all interest or other income generated therein, shall be in *custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer, or similar process by any third party, including any Class Member.

11. The Service Award, as set forth in the Settlement Agreement, is approved and shall be awarded and paid from the Settlement Amount to Judith Pascuzzi in the amount of $10,000.00. This award is in addition to the sum to which Judith Pascuzzi is entitled by virtue of her individual claim under the Settlement Agreement.

12. The Court FINDS that an award of attorneys' fees to Class Counsel of $48,333.00, representing one-third of the gross settlement amount in this matter, and reimbursement to Class Counsel of reasonable and necessary litigation costs in the amount of $710.95, is fair, reasonable and supported both by law and by Class Counsel's services and efforts in this litigation. Class Counsel shall be paid their attorneys' fee and cost reimbursement award in the foregoing amounts from the Settlement Fund within fourteen (14) days of the Effective Date, as that term is defined in the Settlement Agreement, in accordance with the procedures set forth in the Settlement Agreement.

13. Participating Class Members shall receive their settlement shares according to the procedures set forth in the Settlement Agreement and, similarly, any *Cy Pres* award shall also be determined and paid according to the procedures set forth in the Settlement Agreement.

14. The Court orders that any Class Member who did not timely submit an Election to Opt-Out of Settlement is bound by the terms of the Settlement Agreement and fully releases and

discharges Defendants, and all other Released Parties set forth in the Settlement Agreement, from all actions or causes of action, whether known or unknown, that the parties agreed to release in the Settlement Agreement.

15. The Court finds that the 42 individuals identified by the Settlement Claims Administrator, as set forth by the Affidavit of Kelly Kratz have submitted valid class action settlement Claim Forms and have been accepted as timely Class Claimants by Defendants as provided for in the Settlement Agreement. These individuals are bound by the terms of the Settlement Agreement and are entitled to participate in the monetary portion of the Settlement. These 42 Class Members, on behalf of themselves and any of their respective heirs, beneficiaries, heirs, assigns, and other persons and entities referenced in the Settlement Agreement, are deemed to have fully released and discharged Defendants and all other Released Parties set forth in the Settlement Agreement, from all actions or causes of action, whether known or unknown, that the parties agreed to release in the Settlement Agreement.

16. Neither this Order, the Settlement Agreement, nor any other documents or information relating to the Settlement of this action shall constitute, be construed to be, or be admissible in any other proceeding as evidence: (a) of an adjudication of the merits of the case; (b) of an adjudication of any of the matters released in the Settlement Agreement; (c) that any party has prevailed in this case; (d) that any of the Defendants has engaged in any wrongdoing or of an admission or concession by any of the Defendants as to the validity of any claim that has been or could have been asserted in this Litigation.

17. This Court grants final approval of the Settlement, and this Litigation is dismissed with prejudice, without any cost to any of the parties except as provided herein and in the

Settlement Agreement. The Court retains jurisdiction for ninety (90) days after entry of this Order solely for the purpose of implementation and enforcement of the terms of the Settlement.

IT IS SO ORDERED

Dated: September 12, 2017

The Honorable Judge Harry D. Leinenweber
United States District Court

7